IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

Keith Ferguson,

    Plaintiff,

v.

Waffle House, Inc.,

    Defendant.

Civil Action No. 9:12-1740-SB

**ORDER**

  This matter is before the Court upon Plaintiff Keith Ferguson's ("the Plaintiff" or "Ferguson") complaint, which alleges discrimination claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–e17 and 42 U.S.C. § 1981, as well as a state law claim for breach of contract. On July 18, 2013, Defendant Waffle House, Inc. ("Waffle House") filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g), D.S.C.

  On January 15, 2014, the Magistrate Judge issued a report and recommendation ("R&R"), outlining the issues and recommending that the Court grant the Defendant's motion for summary judgment. On January 27, 2014, the Plaintiff filed objections to the R&R, and the Defendant filed a response to the Plaintiff's objections on February 13, 2014.

## STANDARDS OF REVIEW

**I. The Magistrate Judge's R&R**

  The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility for making the final

determination remains with the Court. Mathews v. Weber, 423 US. 261, 269 (1976). The Court reviews de novo those portions of the R&R to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## II.  Summary Judgment

To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). All evidence should be viewed in the light most favorable to the non-moving party. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." Celotex, 477 U.S. at 327. Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson, 477 U.S. at 248.

## DISCUSSION

As an initial matter, no party has objected to the Magistrate Judge's statement of

the facts. After review, the Court finds that the Magistrate Judge's factual recitation accurately reflects the record, and the Court adopts this portion of the R&R. Stated briefly, the Plaintiff, an African-American, worked for Defendant Waffle House for several years in the early 1990's, before he went to college, and then again starting in September of 2010 and continuing off and on until September of 2011. In his complaint, he alleges that the Defendant discriminated against him and retaliated against him based on his race.

In a detailed, 35-page R&R, the Magistrate Judge thoroughly outlined each of the Plaintiff's claims and evaluated them pursuant to the applicable law. The Plaintiff filed largely non-specific objections to the R&R, essentially arguing that the Court should not grant summary judgment in favor of the Defendant on any of his claims.

### Disparate Treatment and Hostile Work Environment[1]

In the R&R, the Magistrate Judge first considered the Plaintiff's claim that he was discriminated against on account of his race in violation of Title VII, section 1981, and the South Carolina Human Affairs Law when he was subjected to discriminatory assignments and ultimately terminated. The Magistrate Judge outlined the law and determined that the evidence reflects no indication or inference of race discrimination related to the Plaintiff's transfer from the Savannah restaurant to the Point South restaurant, a transfer that actually amounted to a promotion, and a transfer that the Plaintiff admitted was not any form of discipline or demotion. As the Magistrate Judge noted, the evidence indicates that the Plaintiff was unhappy with his assignment to the Savannah restaurant because of the

---

[1] The Magistrate Judge evaluated the Plaintiff's disparate treatment and hostile work environment claims separately in the R&R. (See Entry 32 at 7-25.) However, because the Plaintiff grouped these claims together in one objection, the Court considers them together for the purpose of evaluating the Plaintiff's objections.

3

distance from his home (even though the Defendant offered the Plaintiff moving expenses that he chose not to use to relocate). Next, the Magistrate Judge determined that there is no evidence of disparate treatment at the Point South restaurant other than the Plaintiff's complaint that other African-Americans who worked at the restaurant treated him poorly. Next, the Magistrate Judge found no evidence of discrimination related to the Defendant's re-hiring of the Plaintiff in August 2011 at a salary of $35,000, and the Magistrate Judge also determined there was no evidence to support the Plaintiff's argument that his African-American boss terminated based on his race, when the evidence clearly shows that the Plaintiff engaged in insubordination by failing to report to his assigned restaurant.

With regard to the Plaintiff's hostile work environment claim, the Magistrate Judge first outlined the law and then considered the evidence in the light most favorable to the Plaintiff. The Magistrate Judge determined that there was no evidence, other than the Plaintiff's conclusory suppositions, that race had anything to do with the complained-of events. The Magistrate Judge determined that the incidents described by the Plaintiff, where his white supervisor gave him work or instructed him how to do it, do not by themselves constitute evidence to support a hostile work environment claim. Likewise, with respect to an incident involving another employee, the Magistrate Judge noted that it was the Plaintiff who allegedly harassed the other employee, not the other way around. Ultimately, the Magistrate Judge determined that the Plaintiff failed to submit evidence sufficient to create a genuine issue of fact that any of the complained-of conduct was attributable to the Plaintiff's race.

In his objections to the Magistrate Judge's treatment of his disparate treatment and hostile work environment claims, the Plaintiff essentially reiterates his assertion that he was

subjected to ongoing harassing conduct and unequal treatment while he worked for the Defendant. Importantly, however, the Plaintiff points to no specific evidence that the Magistrate Judge failed to consider or to any legal error in the Magistrate Judge's analysis. The only specific objection the Plaintiff makes is to the Magistrate Judge's reliance on cases that explain the difficulty in establishing discrimination when the allegedly discriminatory decision-maker is in the same protected class as the plaintiff.[2] The Plaintiff contends that: "[t]he social reality is that discrimination can occur within a gender, a race, and within religious and ethnic groups," and "the Court should not presume a lack of discrimination between members of the same race." (Entry 33 at 6.)

Here, the Court does not believe that the Magistrate Judge *presumed* a lack of discrimination based on the fact that the Plaintiff's claims stem (at least in part) from his treatment by members of his own race. Rather, the Court believes that this is simply one factor the Magistrate Judge considered, in conjunction with the record as a whole, in ultimately determining that the Plaintiff's conclusory allegations were insufficient to raise an inference of pretext or intentional race-based discrimination.

After review, the Court acknowledges that the fact that some of the individuals who allegedly discriminated against the Plaintiff are the same race as the Plaintiff is not a dispositive fact when determining whether discrimination occurred. Nevertheless, the

---

[2] See, e.g., Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1471 (11th Cir. 1991) (noting that the plaintiff had a difficult burden of showing that his age motivated his discharge where the decision makers behind the termination were over age forty and were within the class of persons protected by the ADEA); Dungee v. Northeast Foods, Inc., 940 F. Supp. 682, 688 n.3 (D.N.J. 1996) (finding that "[t]he fact that the final decision maker and both interviewers are members of the plaintiff's protected class (women) weakens any possible inference of discrimination," and noting that this reasoning has been applied to weaken the inference of discrimination in sex, race, and age cases).

Court agrees with the Magistrate Judge that it is a relevant consideration in light of all of the evidence, and when, as here, the record contains no evidence of intentional discrimination other than the Plaintiff's conclusory statements, the Court finds that there is no genuine issue of material fact as to whether the Plaintiff was a victim of disparate treatment.[3]  Likewise, the Court agrees with the Magistrate Judge that the Plaintiff's conclusory allegations do not establish that he was subject to a hostile work environment based on his race. See Trusty v. Maryland, 28 F. App'x 327 (4th Cir. 2002) ("Trusty's wholly conclusory allegations concerning an alleged hostile work environment are neither severe nor pervasive enough to support a viable claim."); Hawkins v. PepsiCo, Inc., 203

---



[3] In Hill v. Lockheed Martin Logistics Mgmt, Inc., the Fourth Circuit stated:

> Regardless of the type of evidence offered by a plaintiff as support for her discrimination claim (direct, circumstantial, or evidence of pretext), or whether she proceeds under a mixed-motive or single-motive theory, "[t]he ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination." Reeves, 530 U.S. at 153, 120 S. Ct. 2097 (2000); see Burdine, 450 U.S. at 256, 101 S. Ct. 1089. To demonstrate such an intent to discriminate on the part of the employer, an individual alleging disparate treatment based upon a protected trait must produce sufficient evidence upon which one could find that "the protected trait . . . actually motivated the employer's decision." Reeves, 530 U.S. at 141, 120 S. Ct. 2097 (internal quotation marks omitted). The protected trait "must have actually played a role in the employer's decisionmaking process and had a determinative influence on the outcome." Id. (internal quotation marks and alterations omitted); cf. Price Waterhouse, 490 U.S. at 277, 109 S. Ct. 1775 (O'Connor, J., concurring) (noting that "statements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process itself [do not] suffice to satisfy the plaintiff's burden" of proving discrimination); Koski v. Standex Int'l Corp., 307 F.3d 672, 678 (7th Cir. 2002) (noting that the pertinent inquiry is whether the decisionmaker, as opposed to other managers or subordinates, evaluated the aggrieved employee based upon discriminatory criteria).

354 F.3d 277, 286 (4th Cir. 2004).

F.3d 274 (4th Cir. 2000) (concluding that personal disputes with a supervisor, without evidence of racial motivation, are insufficient to survive summary judgment, and noting that "legally sufficient evidence is required to transform an ordinary conflict . . . into an actionable claim of discrimination"). The Plaintiff's objection is overruled.

### Retaliation

In evaluating the Plaintiff's claim that the Defendant retaliated against him when it assigned him to particular restaurants and when it terminated his employment, the Magistrate Judge first outlined the applicable law and then determined that the Plaintiff engaged in protected activity when he complained to Anderson about his treatment in Savannah. The Magistrate Judge also determined that the Plaintiff was subject to an adverse employment action when he was terminated. In addition, the Magistrate Judge determined that sufficient evidence exists to find that the Plaintiff's transfer from Savannah to Point South was due to his having complained about the allegedly discriminatory treatment at the Savannah restaurant.

Once the burden shifted to the Defendant, however, the Magistrate Judge determined that the Defendant set forth legitimate, non-discriminatory reasons for its actions. First, the Magistrate Judge noted that the evidence indicates that the Plaintiff was transferred to Point South to be closer to where he lived after the Plaintiff complained about the commute, and second, the Magistrate Judge noted that the evidence indicates that the Plaintiff was terminated when he failed to report to his job assignment.

Ultimately, the Magistrate Judge determined that the Plaintiff failed to show that the Defendant's legitimate, non-discriminatory reasons were merely pretext for discrimination. As the Magistrate Judge noted, the Plaintiff admitted that he refused to report to his job

7

assignment, and the evidence shows that the Defendant actually rehired the Plaintiff after he had quit his job at the Point South restaurant, which was also *after* the Plaintiff worked in Savannah and complained about his treatment there.

In his objections, the Plaintiff asserts that the record contains sufficient evidence for a jury to determine that he was fired and that he was not assigned to the store of his choice because of his race. After a thorough review of the record, however, the Court disagrees. As the Magistrate Judge noted, the Plaintiff was rehired and promoted *after* he engaged in protected activity, thereby severing any causal link between the Plaintiff's engagement in protected activity and the adverse employment action. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998) (noting that, to survive summary judgment, the plaintiff "must have evidence from which a reasonable factfinder could conclude that a causal connection exists between the protected activity and the adverse action); Ferris v. Accuscribe Transcription Servs., LLC, 2010 WL 360689 (D.S.C. Jan. 26, 2010) (finding no evidence of retaliation where the plaintiff was promoted after engaging in protected activity). Moreover, the Court agrees with the Magistrate Judge that the Plaintiff has failed to satisfy his burden of proof to show that the legitimate, non-discriminatory reasons for the Defendant's actions are merely pretext for discrimination.  See Williams v. Cerberonics, Inc., 871 F.2d 452, 456 (4th Cir. 1989) ("As we have previously held, a plaintiff's own assertions of discrimination in and of themselves are insufficient to counter substantial evidence of legitimate nondiscriminatory reasons for an adverse employment action.") (citation omitted). The Plaintiff's objection is overruled.

### *Breach of Contract*

The Plaintiff alleges that he had a contract of employment with the Defendant

(based on the employee handbook), which included a requirement that the Defendant provide equal opportunity to employees and a mandatory progressive disciplinary procedure, and that the Defendant violated this contract. The Plaintiff also contends that he had an oral contract with the Defendant to be the manager of the new Georgia store at a salary of $52,000, and that the Defendant breached this oral contract.

With respect to the Plaintiff's first claim, the Magistrate Judge noted that, at his deposition, the Plaintiff testified that his breach of contract claim was based only on an alleged oral contract. Moreover, the Magistrate Judge noted that the record contains no copy of the employee handbook. Finally, the Magistrate Judge determined that nothing in the evidence, even when considered in the light most favorable to the Plaintiff, creates a genuine issue of fact as to whether the Plaintiff had an oral contract to work for the Defendant at the new Georgia store for a salary of $52,000. Rather, the Magistrate Judge determined that the evidence indicates that the Defendant offered the Plaintiff a job as manager trainee at a salary of $35,000, and the Plaintiff accepted this position.

In his objections, the Plaintiff merely rehashes his claim that he accepted his position with the understanding that he was hired to come back to work at the new Georgia store for $52,000. He claims that he must have been promised this position because otherwise he would not have returned to work.

After review, the Court overrules the Plaintiff's objection and agrees with the Magistrate Judge that the Plaintiff's conclusory allegations are simply insufficient to overcome the presumption of at-will employment in South Carolina. See Barron v. Labor Finders of South Carolina, 393 S.C. 609, 614, 713 S.E.2d 634, 636 (2011) ("In South Carolina, employment at-will is presumed absent the creation of a specific contract of

employment."). In other words, even accepting the Plaintiff's assertion that he wanted a specific position or salary, or that he believed he would one day be given a specific position or be paid a specific salary, an oral contract of employment can only be created by a definite offer with definite terms, and the evidence in the record simply does not show that the Plaintiff and the Defendant reached any definite agreement other than the agreement that the Plaintiff would return to work as a manager trainee for $35,000.[4] The Plaintiff's objection is overruled.

## CONCLUSION

For the reasons set forth herein, it is hereby

**ORDERED** that the R&R (Entry 32) is adopted in full and incorporated herein; the Plaintiff's objections (Entry 33) are overruled; and the Defendant's motion for summary judgment (Entry 25) is granted.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

May **7**, 2014
Charleston, South Carolina


#10

---

[4] At his deposition, the Plaintiff was asked: "So you were offered a position as a manager trainee at $35,000 a year, and you accepted that position and came back to work for Waffle House, correct?" (Pl's. Dep. p. 162, ll.11-13.) The Plaintiff responded, "Yes, I did." (Id. at l. 14.)